**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON  DIVISION**

**GREGORY L. REDMOND, #65825**                                    **PETITIONER**

**VERSUS**                                  **CIVIL ACTION NO. 3:07-cv-647-HTW-LRA**

**STATE OF MISSISSIPPI**                                          **RESPONDENT**

<u>MEMORANDUM OPINION</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner, an inmate incarcerated at the Hinds County Detention Center, Jackson, Mississippi, files this petition for habeas relief pursuant to 28 U.S.C. § 2241.

Petitioner states that he was arrested on January 22, 2005, and then released on bond and arrested again on February 21, 2006, and was charged with statutory rape in Hinds County, Mississippi.  Petitioner claims that he has not been tried for this charge.  Petitioner has filed a motion to suppress evidence, a motion to dismiss because of improper indictment and a motion to dismiss charges for failure to provide a fast and speedy trial in Hinds County Circuit Court. Petitioner alleges that he has not received a response nor has he had a hearing for any of these motions.  The grounds presented in this petition for habeas relief are that Petitioner has been denied a speedy trial, received inadequate counsel and that he received an improper indictment. As relief, Petitioner is requesting that these charges against him be dropped.

After reviewing Petitioner's application for habeas corpus relief and his response to this Court's order to amend[1] and giving it a liberal construction as required by *Haines v. Kerner*, 404

---

[1]Documents numbered 6 and 7 were filed as Motions before this Court.  The Court recognizes that these documents are copies of Motions filed with Hinds County Circuit Court as a part of the Petitioner's state court case.  These documents will be construed as attachments to the petition.  The Clerk is directed to edit the docket of this case accordingly.

U.S. 519 (1972), the Court has come to the following conclusion.

A pre-trial Petitioner challenging his incarceration is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."  *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987).  Although 28 U.S.C. § 2241 does not specifically state that exhaustion is required, the requirement that a Petitioner must exhaust his available state remedies has been judicially created.  *Id.* at 225.  The allegations indicate that Petitioner has not presented these grounds for habeas relief to the Mississippi Supreme Court in order to exhaust his available state remedies.

However, even if Petitioner exhausted his available state court remedies, "federal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973).  The Court made a distinction between a Petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" when litigating a speedy trial defense before the petitioner goes to trial, *id.* at 490, and "one who seeks only to enforce the state's obligation to bring him promptly to trial."  *Id.*, citing *Smith v. Hooey*, 393 U.S. 374 (1969).  The Fifth Circuit in *Brown v. Estelle*, 530 F.2d 1280, 1282-83 (5th Cir. 1976), held that the distinction is based on the type of relief requested by the Petitioner.  If the Petitioner is attempting to prevent the prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes."  *Id.*  If the Petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide petitioner with a prompt trial."

2

*Id.* It appears from the Petitioner's assertions that he was improperly indicted, that Petitioner is attempting to "abort a state proceeding or disrupt the orderly functioning of state judicial processes." *Id.* Therefore, habeas corpus is not an available remedy.

<u>CONCLUSION</u>

Petitioner has failed to demonstrate that he has exhausted his available state court remedies. However, even if Petitioner has exhausted his available state remedies, he has failed to present a claim upon which habeas corpus relief may be granted. Therefore, this petition is dismissed without an evidentiary hearing.

A final judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED this the 30th day of January, 2008.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE